UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X
NORMAN SUKKAR,

                Plaintiff,          **AMENDED COMPLAINT**

  -against-

                                    13-CV-3033 (RPP)

THE CITY OF NEW YORK, POLICE OFFICER
DAVID HUNG, shield #19904, POLICE OFFICER
EDWIN PEREZ, shield #710, POLICE OFFICER
EDWARD HERRERA, shield #2394, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,

                Defendants.
————————————————————X

       Plaintiff NORMAN SUKKAR, for his complaint, by his attorney LAW OFFICE OF DAVID A. ZELMAN, and upon information and belief respectfully alleges as follows:

### I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which PLAINTIFF NORMAN SUKKAR (hereinafter "SUKKAR") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about May 16, 2012 at approximately 1:00 P.M., SUKKAR was falsely arrested with excessive force by employees of the City of New York, including but not limited to POLICE OFFICER DAVID HUNG, shield #19904, POLICE OFFICER EDWIN PEREZ, shield #710, and POLICE OFFICER EDWARD HERRERA, shield #2394. As a result of the excessive force used by Defendants, SUKKAR suffered physical and mental injuries.

### II. JURISDICTION

2.   Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides

for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3. SUKKAR at all times relevant hereto resided in New York, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER DAVID HUNG, shield #19904 (hereinafter "HUNG") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. HUNG is sued in his official and individual capacity.

6. Defendant POLICE OFFICER EDWIN PEREZ, shield #710 (hereinafter "PEREZ") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. PEREZ is sued in his official and individual capacity.

7. Defendant POLICE OFFICER EDWARD HERRERA, shield #2394 (hereinafter "HERRERA") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. HERRERA is sued in his official and individual capacity.

8. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

9. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

10. On May 16, 2012, at approximately 1:00 P.M., SUKKAR was driving at or near the intersection of Madison Avenue and 86th Street, New York, NY, when he was stopped by Police Officer DAVID HUNG. HUNG arrested SUKKAR and placed him in handcuffs.

11. Additional officers, including but not limited to PEREZ and HERRERA, arrived on the scene in a police vehicle. SUKKAR was transported by officers to the 19th Precinct.

12. At the precinct, SUKKAR was placed in a holding cell for approximately 5 hours. SUKKAR was transported to Central Booking where he was detained for approximately 16 hours. SUKKAR requested medical attention while in custody, but officers dissuaded him from receiving treatment.

13. SUKKAR appeared before a judge in the morning of May 17, 2012. SUKKAR was charged with Unlawfully Fleeing a Police Officer in a Motor Vehicle in the Third Degree (PL 270.25), Aggravated Unlicensed Operation in the Third Degree (VTL 511(1)(a)),

|     | |
| --- | --- |
|     | Reckless Driving (VTL 1212), Use of Mobile Telephone (VTL 1225-c(2)(a)), and Unlicensed Driving (VTL 509(1)). Bail was set at $1,500.00. SUKKAR posted bail and was released. |
| 14. | As a result of the excessively tight handcuffs, SUKKAR suffered injuries to his left wrist and hand wrist. |
| 15. | All charges against SUKKAR were dismissed on August 8, 2012. |
| 16. | On the 8th day of August, 2012, SUKKAR's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of SUKKAR, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained. |
| 17. | That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof. |

V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

|     | |
| --- | --- |
| 18. | Paragraphs 1 through 17 of this complaint are hereby realleged and incorporated by reference herein. |
| 19. | That Defendants had neither valid evidence for the arrest of SUKKAR nor legal cause or excuse to seize and detain him. |
| 20. | That in detaining SUKKAR without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and |

employees routinely charged persons with crimes they did not commit. SUKKAR was but one of those persons.

21. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

22. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

23. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of SUKKAR's rights alleged herein.

24. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of SUKKAR's rights, subjected SUKKAR to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

25. By reason of the foregoing, SUKKAR suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

26. Paragraphs 1 through 25 are hereby realleged and incorporated by reference herein.

27. That the seizure, detention and imprisonment of SUKKAR was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

28. That Defendants intended to confine SUKKAR.

29. That SUKKAR was conscious of the confinement and did not consent to it.

30. That the confinement was not otherwise privileged.

31. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of SUKKAR's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

32. That by reason of the foregoing, SUKKAR suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

33. Paragraphs 1 through 32 are hereby realleged and incorporated by reference herein.

34. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

35. That Defendants had no legal cause or reason to use excessive force in effectuating SUKKAR's arrest.

36. That Defendants violated SUKKAR's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

37. That at the time of the arrest or while in custody, SUKKAR did not pose a threat to the safety of the arresting officers.

38. That SUKKAR was not actively resisting arrest or attempting to evade arrest.

39. That defendant CITY, through its officers, agents, and employees, unlawfully subjected SUKKAR to excessive force while effectuating his arrest.

40. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

41. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of SUKKAR's rights, subjected SUKKAR to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

42. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of SUKKAR's civil rights, including but not limited to the right to be free from the application of excessive force.

43. That upon information and belief, in 2012, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

44. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

45. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly

monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

46. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of SUKKAR's rights alleged herein.

47. By reason of the foregoing, SUKKAR suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

48. Paragraphs 1 through 47 are hereby realleged and incorporated by reference herein.

49. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

50. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

51. That Defendants had no legal cause or reason to use excessive force in effectuating SUKKAR's arrest or after SUKKAR was arrested and in custody.

52. That at the time of the arrest, SUKKAR did not pose a threat to the safety of the arresting officers.

53. That SUKKAR was not actively resisting arrest or attempting to evade arrest.

54. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

55. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of SUKKAR's

rights, subjected SUKKAR to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

56. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of SUKKAR's civil rights, including but not limited to the right to be free from the application of excessive force.

57. By reason of the foregoing, SUKKAR suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT AND BATTERY)

58. Paragraphs 1 through 57 are hereby realleged and incorporated by reference herein.

59. That Defendants intended to cause harmful bodily contact to SUKKAR.

60. That defendant Defendants, in a hostile manner, voluntarily caused SUKKAR'S injuries.

61. That Defendants' contact with SUKKAR constituted a battery in violation of the laws of the State of New York.

62. That by reason of the foregoing, SUKKAR suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF MEDICAL TREATMENT)

63. Paragraphs 1 through 62 are hereby realleged and incorporated by reference herein.

64. That SUKKAR's wrist and hand injuries amounted to a serious medical condition.

65. That untreated, SUKKAR's injuries amounted to a substantial risk of serious harm.

66. That SUKKAR requested medical treatment for his condition.

67. That Defendants refused to provide medical treatment.

68. That the denial of medical care resulted in a substantial risk of serious harm to SUKKAR.

69. That Defendants acted with reckless disregard for the substantial risk.

70. That Defendants denied SUKKAR access to medical care because of a deliberate indifference to the medical need.

71. That by reason of the foregoing, SUKKAR suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

72. Paragraphs 1 through 71 are hereby realleged and incorporated by reference herein.

73. By fabricating evidence, defendants violated SUKKAR's constitutional right to a fair trial.

74. Defendants were aware or should have been aware of the falsity of the information used to prosecute SUKKAR.

75. As a result of the above constitutionally impermissible conduct, SUKKAR was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XII. EIGHTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

76. Paragraphs 1 through 75 are hereby realleged and incorporated by reference herein.

77. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

78. That at all times Defendants were acting within the scope of their employment.

79. That Defendant CITY was able to exercise control over Defendants activities.

80. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, SUKKAR suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, SUKKAR has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, SUKKAR respectfully requests that judgment be entered:

1. Awarding SUKKAR compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding SUKKAR punitive damages in an amount to be determined by a jury;

3. Awarding SUKKAR interest from May 16, 2012 and

4. Awarding SUKKAR reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED: Brooklyn, New York
August 16, 2013

LAW OFFICE OF DAVID A. ZELMAN

By: Matthew J. Schommer, Esq.
Attorneys for Plaintiff
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

NORMAN SUKKAR,

                      Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
DAVID HUNG, shield #19904, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,

                      Defendants.
_____X

## AMENDED COMPLAINT

LAW OFFICE OF DAVID A. ZELMAN
ATTORNEYS FOR PLAINTIFF
612 Eastern Parkway
Brooklyn, NY 11225
Tel: 718-604-3072
Fax: 718-604-3074